MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
CHRISTOPHER W. CARSON, ESQ.
Nevada Bar No. 9523
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
Email: mbourassa@blgwins.com
         ccarson@blgwins.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| FRANK BELLANOVA and BARBARA BELLANOVA,<br><br>              Plaintiffs,<br><br>vs.<br><br>RRS, LLC, an Arizona limited liability company,<br><br>              Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |

### COMPLAINT

Plaintiffs, FRANK BELLANOVA and BARBARA BELLANOVA (hereinafter referred to as "*Plaintiffs*") by and through the undersigned attorney, alleges upon knowledge as to they and their own acts, and upon information and belief as to all other matters, brings this complaint against the above-named defendant and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1. Plaintiff's brings this action on his own behalf for actual and statutory damages arising from Defendant's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and Nevada Revised Statutes.

- 1 -

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3. Venue in this District is proper because Plaintiffs and Defendant reside and/or do business in the District of Arizona. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Arizona.

## PARTIES

4. Plaintiffs' are natural persons who resides in Arizona.

5. Plaintiff's are "consumers" as defined in the FDCPA at 15 U.S.C. § 1692a(3)

6. Plaintiffs' allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5) and NRS § 649.010.

7. RRS, LLC, is an Arizona limited liability company (hereinafter referred to as "Defendant") the principal purpose of whose business is the collection of debts.

8. Defendant regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that the Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. Plaintiff(s) repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. On or about November 2015 and December 2015, Defendant contacted Plaintiff's wife Mrs. Bellanova at her place of employment regarding an alleged past due debt of her husband, in violation of 15 USC 1692c(a)(3).

11. Defendant's representative contacted Plaintiff's wife Mrs. Bellanova whom is not a party to the alleged past due debt, therefore you communicated with a third party, in violation of 15 USC 1692c(b).

12. Defendant's representative failed to disclose that he is a debt collector when contacting Plaintiffs, in violation of 15 USC 1692e(11).

13. Defendant's representative further failed to disclose that Plaintiff had the right to dispute the debt, in violation of 15 USC 1692g.

14. On or about January 12, 2016, a letter was mailed to Defendant advising that Plaintiff was represented by counsel.

15. During the course of the conversations, Defendant's representative was verbally abusive to Mrs. Bellanova, making threats and using foul language, a violation of 15 USC 1692e(1)(2).

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FDCPA 15 U.S.C.§ 1692c

16. Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 15 inclusive, above.

17. Section 1692c(a)(3) of the FDCPA states in pertinent part:

> Communication with the consumer generally; Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

- 3 -

18. On or about November 2015 and December 2015. Defendant contacted Plaintiff's wife Mrs. Bellanova at her place of employment regarding an alleged past due debt of her husband, in violation of 15 USC 1692c(a)(3).

19. As a result of the violations by Defendant, Plaintiff is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

20. It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefore.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FDCPA U.S.C. § 1692c

21. Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 20 inclusive, above.

22. Section 1692c(b) of the FDCPA states in pertinent part:

> Communication with third parties:
> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

23. Defendant's representative contacted Plaintiff's wife Mrs. Bellanova whom is a third party to the alleged past due debt, therefore you communicated with a third party, in violation 15 USC 1692c(b).

24. As a result of the violations by Defendant, Plaintiff is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

25. It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefore.

- 4 -

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FDCPA 15 U.S.C.§ 1692e

26. Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 25 inclusive, above.

27. Section 1692e(11) of the FDCPA states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

28. Defendant's representative failed to disclose his identity when contacting Plaintiff, in violation of 15 USC 1692e(11).

29. During the conversations with Mrs. Bellanova, Defendant's representative failed to disclose that he was a debt collector, in violation of 15 USC 1692e(11).

30. As a result of the violations by Defendant, Plaintiff is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

31. It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefore.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF THE FDCPA 15 U.S.C.§ 1692g

32. Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 31 inclusive, above.

33. Section 1692g of the FDCPA states in pertinent part:

> **NOTICE OF DEBT; CONTENTS** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

34. Defendant failed to disclose to Plaintiff the right to dispute the debt, a violation of 15 USC 1692g.

35. As a result of the violations by Defendant, Plaintiff is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

36. It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefore.

### FIFTH CLAIM FOR RELIEF
### VIOLATION OF THE FDCPA 15 U.S.C.§ 1692e

37. Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 36 inclusive, above.

38. Section 1692e (1) and (2) of the FDCPA states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.
>
> (2) The false representation of—
>
> (a) the character, amount, or legal status of any debt; or

- 6 -

     (b) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

39. During the course of the conversations, Defendant's representative was verbally abusive to Mrs. Bellanova, making threats and using foul language, a violation of 15 USC 1692e(1) and (2).

40. As a result of the violations by Defendant, Plaintiff is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

41. It has been necessary for Plaintiff to obtain the services of an attorney to purse this claim and Plaintiff is entitled to recover reasonable attorney's fees therefore.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief in Plaintiff's favor and that judgment be entered against Defendant for the following:

(1) For actual damages incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1);

(2) For statutory damages awarded to Plaintiff, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(4) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(5) For any and all other relief this Court may deem appropriate.

DATED this 27th day of September 2016.

**THE BOURASSA LAW GROUP**

MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
CHRISTOPHER W. CARSON, ESQ.
Nevada Bar No. 9523
8668 Spring Mountain Rd., Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
Email: mbourassa@blgwins.com
ccarson@blgwins.com
*Attorneys for Plaintiffs*